[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
The court denies Softstrip Products' motion for summary judgment because General Statutes § 52-572k does not apply to this case and there remains an issue of material fact whether the alleged accident was within Softstrip Products' use of the leased premises.
For § 52-572k to be applicable, the agreement between the parties must arise out of a construction contract. See Braunfeldv. Chase Manhattan Bank, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150010 (October 28, 1998, D'Andrea, J.); Courter v. Becker, Superior Court, judicial district of New London at New London, Docket No. 537716 (April 27, 1998, Handy, J.); Fiorello v. Universal Builders Supply,Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 376404 (December 8, 1997, Zoarski, J.); Youngv. Guy F. Atkinson Company, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 114677 (October 27, 1994, Lewis, J.); Sanford v. Stone Container Corp., Superior Court, judicial district of New London at New London, Docket No. 503236 (February 7, 1992, Hurley, J.); Dunn v. F J ConstructionCorp., Superior Court, judicial district of New London at New London, Docket No. 512464 (January 9, 1991, Axelrod, J.). The agreement at issue in this case is a lease agreement. § 52-572k
is not applicable.
In addition, a genuine issue of material fact exists whether the alleged accident can be considered to be within Softstrip Products' use of the premises. The lease agreement states "LESSEE shall indemnify and hold harmless LESSOR from and against any and CT Page 12916 all claims arising from LESSEE's use of the Demised Premises, or from the conduct of LESSEE's business or from any activity, work or things done, permitted or suffered by LESSEE in the Demised Premises. . . ." (Affidavit of Daniel R. Kogut, Exhibit A Lease Agreement) Another issue of material fact that exists is whether the wooden stairs where the alleged accident occurred was put there by Protech or by Softstrip Products. (Affidavit of Daniel R. Kogut, ¶ 14) Both of these issues are material because they would trigger the indemnification clause in the lease agreement between Protech and Softstrip Products.
For the foregoing reasons, the motion is denied.
BY THE COURT
GILL, J.